IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

RANDY MUELLER,                                                                                    PLAINTIFF

V.                                                                                        NO. 4:08CV035-A-D

EMMITT SPARKMAN, et al.,                                                                     DEFENDANTS

**MEMORANDUM OPINION**

This matter is before the court, *sua sponte*, for consideration of dismissal. *See* 28 U.S.C. §§ 1915(e)(2) and 1915(A). Plaintiff, an inmate previously incarcerated at the Mississippi State Penitentiary[1], proceeding *pro se*, filed this complaint pursuant to 42 U.S.C. § 1983. Plaintiff, who was allegedly in protective custody, complains that while incarcerated he was housed with inmates who were not classified as being under protected custody. Plaintiff contends that the mingling of protected custody inmates with non-protected custody inmates placed him in "imminent danger."

Plaintiff further complains that due to his protective custody status he was not "classified" to work in the prison field operations. Nevertheless, Plaintiff contends that he was "forced to work." When he refused, he was given a rule violation report ("RVR") which Plaintiff argues violated his right to due process. He was, however, by his own averments afforded a disciplinary hearing and found guilty of the charged conduct. Plaintiff alleges that he has suffered emotionally but does not identify any physical injury. Plaintiff is seeking a permanent injunction that would prohibit Defendants' alleged unconstitutional actions in addition to monetary damages.

After carefully considering the contents of the *pro se* complaint and giving it the liberal construction required by *Haines v. Kerner*, 404 U.S. 519 (1972), this court has come to the following conclusion.

---

[1] The court was unable to locate Plaintiff in the Mississippi Department of Corrections inmate database. Plaintiff also recently submitted a change of address notice indicating he is currently residing in Florida. Thus, the court has a reasonable belief that Plaintiff has been released from confinement.

Physical Injury Required for Compensatory Damages

The Prison Litigation Reform Act provides in part, "[n]o federal civil action may be brought by a prisoner . . . for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). In a case filed under 42 U.S.C. § 1983, a prisoner plaintiff must allege more than *de minimis* physical injury to state a claim for physical or emotional damages – regardless of the nature of the claim. *Id.*; *Geiger v. Jowers*, 404 F.3d 371 (5th Cir. 2005). In the absence of a definition of "physical injury" in 42 U.S.C. § 1997e(e), the well established Eighth Amendment standards guide the analysis in determining whether a prisoner has sustained the necessary physical injury to support a claim for mental or emotional suffering. That is, the injury must be more than *de minimis*, but need not be significant. *See Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997) (a sore, bruised ear lasting for three days — was *de minimis*).

Despite his emotional distress, Plaintiff has not alleged any physical injury. A claim for damages is barred if no physical injury is alleged. *Jones v. Greniger*, 188 F.3d 322, 326 (5th Cir. 1999). Accordingly, Plaintiff's claim for damages based on purported mental suffering occasioned by being forced to work and housed with inmates who are not under protected custody is barred.[2] *See Alexander v. Tippah County, Miss.*, 351 F.3d 626, 631 (5th Cir. 2003) (nausea caused by raw sewage in cell was *de minimis* injury insufficient to sustain a claim for emotional damages)

No Liberty Interest in Prison Classification

Inmates have neither a protectable property or liberty interest to any particular housing assignment or custodial classification, either under the United States Constitution or under Mississippi law. *Hewitt v. Helms*, 450 U.S. 460, 468 (1983); *Meachum v. Fano*, 427 U.S. 215, 224 (1976); *Neals v. Norwood*, 59 F.3d 530, 533 (5th Cir. 1995); *Wilson v. Budney*, 976 F.2d 957, 958

---

[2] The Fifth Circuit has routinely held that removal from the complained of conditions renders the inmate's claim for injunctive relief moot. *Oliver v. Scott*, 276 F.3d 736, 741 (5th Cir. 2002); *Herman v. Holiday*, 238 F.3d 660, 665 (5th Cir. 2001). Since Plaintiff has been released from confinement, or at least, is no longer housed at the Penitentiary, his claim for injunctive relief is moot.

(5th Cir. 1992); *McCord v. Maggio*, 910 F.2d 1248, 1250 (5th Cir. 1990) (citations omitted); Miss. Code Ann. §§ 47-5-99 to -103 (1993). Prisoner classification is a matter squarely within the "broad discretion" of prison officials, "free from judicial intervention" except in extreme circumstances. *McCord*, 910 F.2d at 1250 (citations omitted).

There is no proof or argument that Plaintiff was physically or medically unable to work. He apparently contends that his protective custody status should have excused him from working. Contrary to his argument, "prison inmates can be required to work" without running afoul of the Constitution. *Mendoza v. Lynaugh*, 989 F.2d 191, 194 (5th Cir. 1993) (citations omitted); *Smith v. Dretke*, 157 Fed. Appx. 747, 2005 WL 3420079 at *1 (5th Cir. Dec. 14, 2005) (the Thirteenth Amendment permits involuntary servitude without pay as punishment after conviction of a crime). Thus, there are no extreme circumstances presented by the facts of this case that warrant judicial intervention. *Moody v. Baker*, 857 F.2d 256, 257-58 (5th Cir. 1988) (alleged disable inmate who was required to work failed to state a constitutional violation); *Lewis v. Lynn*, 236 F.3d 766, 767-68 (5th Cir. 2001) (asthmatic inmate forced to work in field after medical staff determined he was capable).

## No Due Process Violation for RVR

Federal courts do not "second-guess" the findings and determinations of prison disciplinary committees. The Constitution does not demand "error-free decision making ...." *Collins v. King*, 743 F.2d 248, 253-54 (5th Cir. 1984) (quoting *McCrae v. Hankins*, 720 F.2d 863, 868 (5th Cir. 1983)). Plaintiff was afforded a disciplinary hearing on the RVR, thereby meeting the due process requirements of *Wolff v. McDonnell*, 418 U.S. 539 (1974). Additionally, as stated to above, "there is no federally protected right of a state prisoner not to work while imprisoned after conviction." *Plaisance v. Phelps*, 842 F.2d 107, 108 (5th Cir. 1988). Defendants, therefore, were entitled to discipline Plaintiff when he, without justification, failed or refused to work. *Mikeska v. Collins*, 900 F.2d 833 (5th Cir. 1990); *see also, Winston v. Stacks*, 243 Fed. Appx. 805, 2007 WL 1725515 at *1

(5th Cir. Jun. 14, 2007) (prison officials did not violate prisoner's constitutional rights by disciplining him for refusing to work when he claimed he was under medical restriction).

## No Constitutional Violation

It is clear that whether claims are habeas corpus or civil rights in nature a plaintiff must be deprived of some right secured to him by the Constitution or the laws of the United States. *Baker v. McCollan*, 443 U.S. 137, 140 (1979); *Irving v. Thigpen*, 732 F.2d 1215, 1216 (5th Cir. 1984) (citing 28 U.S.C. § 2254(a) (1982)); and *Trussell v. Estelle*, 699 F.2d 256, 259 (5th Cir. 1983)). In the event there is no constitutional right, the plaintiff's complaint fails. *Irving*, 732 F.2d at 1216 (citing *Thomas v. Torres*, 717 F.2d 248, 249 (5th Cir. 1983)).

Despite Plaintiff's insistence, the Constitution has not been implicated by the facts of this case. Since he has not alleged any physical injury, he may not recover compensatory damages for emotional distress. Plaintiff has no constitutional right to any particular classification or housing assignment within the prison system. Similarly, absent some medical condition, Plaintiff has no right to refuse to work. Accordingly, the RVR he received for refusing to work was not inconsistent with the Constitution. Furthermore, according to his own pleadings, Plaintiff was afforded a disciplinary hearing as to the charges comporting with due process requirements. In the absence of the impingement of a constitutional right, Plaintiff's complaint must be dismissed as failing to state a cause of action upon which relief may be granted.

The court's dismissal of Plaintiff's complaint for failure to state a claim shall count as a "strike" under 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). Mr. Mueller is cautioned that once he accumulates three strikes, he may not proceed *in forma pauperis* in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).

A final judgment in accordance with this opinion will be entered.

THIS the   1st   day of May, 2008.

/s/ Sharion Aycock  
**SHARION AYCOCK**  
**UNITED STATES DISTRICT JUDGE**